IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

JOHN BENGFORT, et al.,

                Plaintiffs,

v.                                    CIVIL ACTION NO. 2:11-cv-00174

MARTIN RAY TWIST, et al.,

                Defendants.

**MEMORANDUM OPINION & ORDER**

Pending before the court is the Motion by defendant A.I.O. Holdings, LLC to Dismiss the First Amended Complaint [Docket 6], and the plaintiffs' Motion to Remand and for Costs, Fees and Expenses [Docket 8]. The plaintiffs responded in opposition to the defendant's Motion to Dismiss, but the defendants have not responded to the plaintiffs' Motion to Remand. Both are now ripe for review. Also before the court is the parties' jointly proposed Order remanding this case to the Circuit Court of Kanawha County, West Virginia [Docket 14], in which the plaintiffs "advised the Court that (1) the defendants consent to remand of this civil action [. . .], (2) the parties will bear their own attorney fees and costs in connection with the removal of this civil action and Plaintiff's Motion to Remand, and (3) the Motion to Remand is now effectively moot."[1] (Ord. [Docket 14], at 1.) For reasons explained below, the Motion to Remand and for Costs, Fees and Expenses is

---

[1] Although the parties' proposed Order reflects that they "advised the Court" of the various agreements between the parties, no such stipulation or motion for withdrawal of either pending motion was actually filed. Nevertheless, because all parties joined in the proposed Order, the court will treat it as a stipulation to the facts therein.

hereby **GRANTED in part** and **DENIED in part**. The court **REMANDS** this action to the Circuit Court of Kanawha County, West Virginia , but **DENIES** the motion for costs, fees and expenses. The Motion to Dismiss is hereby **DENIED as moot**.

## II.     Discussion

Although I am never anxious to spend time and resources adjudicating a case in which neither party has the desire to remain in federal court, I cannot remand a case simply because the parties have come to an understanding after removal. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 291 (1938) (finding that a post-removal stipulation did not deprive a district court of jurisdiction). In this case, the parties have failed to even inform the court the basis for their determination that remand is appropriate, simply stating that the "defendants consent to remand." (Ord. [Docket 1], at 1.) Thus, I must determine whether remand of this case is appropriate without relying on the parties' stipulations that it is so.

Generally, an action may be removed from state court to federal court if it is one over which the district court would have had original jurisdiction. 28 U.S.C. § 1441(a). Courts construe removal jurisdiction strictly, however, because of the significant federalism concerns removal implicates. *Md. Stadium Auth. v. Ellerbe Becket, Inc.*, 407 F.3d 255, 260 (4th Cir. 2005). The party seeking to adjudicate a matter in federal court, through removal, carries the burden of alleging in its notice of removal and, if challenged, demonstrating the court's jurisdiction over the matter. *See Strawn v. AT & T Mobility, LLC*, 530 F.3d 293, 296 (4th Cir.2008) (citations omitted); *see also Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir.1994) ("The burden of establishing federal jurisdiction is placed upon the party seeking removal.") (citation omitted). "If federal jurisdiction is doubtful, a remand is necessary." *Mulcahey* 29 F.3d at151.

Defendant A.I.O. Holdings, LLC ("A.I.O.") removed this case on March 17, 2011 on the basis of diversity jurisdiction and supplemental jurisdiction, asserting that the parties are completely diverse and the amount in controversy exceeds $75,000. (Not. Removal [Docket 1] ¶¶ 8-13.) In its Notice of Removal, A.I.O. stated that "[a]ll appearing defendants consent to the removal of this case to the United States District Court for the Southern District of West Virginia." (Not. Removal ¶ 14.) The plaintiffs, in response, moved to remand the case, asserting that A.I.O. had "improperly removed this action in violation of the one year bar set forth in 28 U.S.C. § 1446(b)" and that "all Defendants failed to unambiguously consent to the removal of this matter." (Mot. Remand, at 1.) The removing defendant A.I.O. failed to respond to the plaintiffs' motion to remand, and instead joined in the proposed Order remanding the case.

The record, at the time of removal, makes clear that defendant A.I.O. was represented by separate counsel from the other defendants in this case. The Notice of Removal was signed only by counsel for A.I.O. The other defendants did not separately or jointly file a notice of removal or any affidavit of formal consent to removal within the thirty-day period following service of process. Accordingly, I **FIND** that A.I.O.'s assertion in its Notice of Removal, by counsel, that all defendants consented to removal is insufficient to constitute consent of all defendants under 28 U.S.C. § 1446, and does not meet the removing defendant's burden of establishing federal jurisdiction. *See Ammar's Inc. v. SingleSource Roofing Corp.*, 2010 WL 1961156, at *4 (S.D. W. Va. May 17, 2010) (Berger, J.) (*citing Creekmore v. Food Lion, Inc.,* 797 F.Supp. 505 (E.D.Va. 1992). Because I find that all defendants failed to unambiguously consent to removal, I need not reach the question of whether the removal also violated the 28 U.S.C. § 1446(b) bar on removal of cases older than one year.

Finally, the parties have stipulated that they will bear their own attorney fees and costs in connection with the removal, so the plaintiffs' request for costs, fees and expenses is effectively moot, and is **DENIED**.

## III.    Conclusion

The Motion to Remand and for Costs, Fees and Expenses is hereby **GRANTED in part** and **DENIED in part**.  For the foregoing reasons, this court lacks jurisdiction and **ORDERS** the matter **REMANDED** to the Circuit Court of Kanawha County, West Virginia, but **DENIES** the motion for costs, fees and expenses.  The Motion to Dismiss is hereby **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:     May 26, 2011

Joseph R. Goodwin, Chief Judge